

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

FILED

| | |
|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group**, 4247 Locust Street, #806 Philadelphia, PA 19104<br><br>Petitioner,<br><br>v.<br><br>**Comcast High-Speed Internet,** 1500 Market Street, Philadelphia, PA 19102, and **John Doe,** a/k/a Sandworm77@comcast.net, a/k/a Paul Ross, 310 Tahiti Way, Marina Del Ray, CA, 90292-6789<br><br>Respondent | : : : : : : : : : : : : : : |

SEP - 7 2005
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

CASE NO.: 05-mc-157

**Miscellaneous Case**

**Hon. Harvey J. Bartle, III**

## PETITIONER'S MOTION FOR ALTERNATE OR SUBSTITUTE SERVICE, FOR A PROTECTIVE ORDER, AND REQUEST FOR HEARING

**Petitioner** in the above-styled action, hereby requests leave of the court to serve Respondent Paul Ross with a copy of the **Petition For Prefiling Discovery Pursuant To Federal Rule 27** by alternate means, and seeks a protective order requiring Comcast to preserve all evidence relating to Petitioner Ross, as set forth below.

### BACKGROUND

1.    Petitioner filed this case on August 17, 2005.

2.    Petitioner served Respondent Comcast with a copy of the petition via **process server** on August 19, 2005.[1]

3.    On August 17, 2005, Petitioner attempted to serve Respondent Ross with a copy of the petition via **certified priority mail**.[2]

---

[1] That certificate of service has been filed concurrently with this document.

[2] A copy of the Amended Certificate of Service has been filed concurrently with this document and is incorporated by reference as if fully set forth verbatim herein.

4.   As of September 7, 2005, Respondent Ross has not claimed the certified mail.  A copy of the certified mail receipt and the tracking result from the USPS website taken on September 7, 2005 appears below:



5.   Federal Rule 4(e)(1) states that original process may be served in a manner provided for by state law governing either involved party in a proceeding (in this case, {Pennsylvania and California).

6.   Pennsylvania Rule 404 allows for service of original process outside the commonwealth by mail pursuant to Pennsylvania Rule 403.

7.   Pennsylvania Rule 403 allows for service by mail "by any form of mail requiring the signature of the recipient."  It further states that if the mail is refused, then service can be made by regular mail, but that if the mail is merely unclaimed (as this mail is), that "the plaintiff shall make service by another means pursuant to these rules."

2

8.   Pennsylvania Rule 430(a) allows a "Plaintiff" (Petitioner) to move the court for alternative methods of service.

9.   Respondent Ross is currently in London, England where he is giving two seminars, the last of which ends on September 9, 2005. It is unclear when he plans to return to the United States. He has no seminars scheduled after these two until November.

10.   Respondent Ross resides alone, in a gated community, and there is no means of effecting substitute service in this case, as there is not even a residence manager or property manager on the premises who can accept service.

11.   On August 27, 2005, Petitioner posted a message to the alt.seduction.fast ("ASF") newsgroup entitled "Legal Notice To Ross Jeffries." The message advised Mr. Ross of this case, and included the case number and district.[3]

12.   Also on August 27, 2005, Sandworm77@comcast.net (presumably Respondent Ross) replied directly (from the same IP address as the one in controversy in this case) to Petitioner's message as follows:

> A legal notice via the INTERNET? Is this another Gordon Roy Porker legal-fantasy-invention? NO legal notice can be given over the internet, Ray-Tard. I know NOTHING of anything certified, other than the fact that YOU should be certified..as out of your fucking mind. Now, I must hurry and put some water in your Mommy's dish.[4]

13.   On August 27, 2005, the IP user noted in Paragraph 11 above posted a message to ASF entitled "Subpoena Ray's Mom!" in which he urged the defendants in Parker v. Learn The Skills Corp. (E.D.Pa. #04-cv-6936, Judge Bartle presiding) to depose Petitioner's mother, while stating that he intended to depose Petitioner and his mother, on videotape, and post the results to the internet. The message stated the following:

---

[3] The full text of the message is attached hereto as Exhibit A-1 and incorporated by reference as if fully set forth verbatim herein.
[4] The full text of this message is attached hereto as Exhibit A-2 and incorporated by reference as if fully set forth verbatim herein.

Here is a brilliant idea: in the event you are named and properly served as a defendant in Ray's "suit" you have broad right's to subpoena witnesses, conduct discovery, take sworn testimony, under oath, etc. Since Ray is claiming actual damage to his business, and since he lives with Mommy, Mommy is a precipient and valid witness with information about the actual state of Ray's business affairs. Therefore, if named, and properly served in this suit, I will certainly not only take Ray's sworn deposition, under oath, recorded on video, but that of Penny Parker as well.

No bullshit interrogatories before a notary. I will DEPOSE Ray, as would be my right if properly named and served and I will DEPOSE his Mother. And one of the many questions I will ask is, "Why did you not peform your duty to humanity and abort this piece of pucka?"

As would be my right, I will make public the video of each and every deposition of Parker and his mother that I take. Yee hah!

RJ

14.   On August 28, 2005, Respondent Ross (the IP user in controversy) posted to ASF, a message which confirms that he has been in London, and that he is aware that the certified mail was sent. The first line is a quote of a previous post of his, while the second and third lines are from Petitioner, while the response (with no > sign before) is his:

> >>>> I know NOTHING of anything certified.
> >
> > You do now if you read this message.
> >
> > If certified mail isn't answered, service by regular mail follows.

You may continue with your fantasy as you see fit. I'm in London, in any case, so even if there WERE certified mail, there would be know way for me to know about it or do anything about it.

So solly to dissapoint, Porker.

BTR, how can Ray Gordon give notice in a suit where Gordon Roy Parker is the plaintiff? Is Ray Gordon the attorney of record fro Gordon Roy Parker?

Cheerio and pip pip and all that British stuff!

15.   It should be noted that Respondent Ross has not been verified as the author of the message, that only Comcast can verify this, and that Respondent Ross was included in this Petition only because Petitioner expects him to be the author of the messages. Petitioner could have filed this as a "John Doe" petition instead. Consequently, Respondent Ross is peripheral to the nature of this action. This Court should consider this in its ruling on this motion.

## RELIEF SOUGHT

Plaintiff seeks the following relief:

1.     Leave of the court to serve Petitioner Ross by regular mail (Petitioner is doing this today in the event this is granted).

2.     Alternative to 1) above, that Plaintiff be permitted to effect substitute service on Respondent Ross via his ISP, Comcast.

3.     That a hearing be held as soon as possible on this matter, given that twenty days have now passed since the filing of this Petition, and given the perishable nature of the evidence.

4.     Alternative to 3) above, that this court grant the Petition.

5.     A protective order requiring Comcast to preserve all evidence relating to all newsgroup postings and e-mails cited in this Motion and in the Petition, including messages which were authored after the Petition was filed.

A memorandum in support is attached, and incorporated by reference as if fully stated verbatim herein.

This the 7th day of September, 2005.

Gordon Roy Parker
Petitioner, Pro Se
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 386-7366
GordonRoyParker@aol.com

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

**FILED**

SEP 7 2005

MICHAEL E. KUNZ, Clerk
By ____ Dep. Clerk

| | |
|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group**, 4247 Locust Street, #806 Philadelphia, PA 19104 <br><br> Petitioner, <br><br> v. <br><br> **Comcast High-Speed Internet,** 1500 Market Street, Philadelphia, PA 19102, and **John Doe**, a/k/a Sandworm77@comcast.net, a/k/a Paul Ross, 310 Tahiti Way, Marina Del Ray, CA, 90292-6789 <br><br> Respondent | **CASE NO.:** 05-mc-157 <br><br> **Miscellaneous Case** <br><br> **Hon. Harvey J. Bartle, III** |

## MEMORANDUM IN SUPPORT OF PETITIONER'S MOTION FOR ALTERNATE OR SUBSTITUTE SERVICE, FOR A PROTECTIVE ORDER, AND REQUEST FOR HEARING

Petitioner submits this Memorandum in support of the above-referenced Petition:

### I.    INTRODUCTION

This is a "prefiling discovery" petition whereby Petitioner seeks to discover the name of an internet "John Doe" he has accused of defamation, specifically through an internet posting to "USENET" (a decentralized message board available to all internet users) whereby Respondent (a Comcast user) claimed that Petitioner sent a threatening e-mail to a nonexistent woman named "Jeri Ryan." The alleged e-mail was forged, included in its entirety in the post in controversy, and the post included Petitioner's birth name as well as the name under which he does business.

### II.    BACKGROUND

Plaintiff incorporates all factual averments in the Motion as if fully stated verbatim herein.

### III.  LEGAL STANDARD

**A.   Legal Standard For Service By Regular Mail And Alternate Service**

1.   Petitions Pursuant to Federal Rule 27 are a form of original process which can be served in the manner provided by Rule 4.

2.   Federal Rule 4(e)(1) allows for service of process pursuant to the law of the state of either party.

3.   Pennsylvania Rule 404 states service of a Defendant (Respondent) outside the Commonwealth may be effected "by mail in the manner provided by Rule 403."

4.   Pennsylvania Rule 403 states that:

"If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail."

1.  If the mail is returned with notation by the postal authorities that the defendant refused to accept the mail, the plaintiff shall have the right of service by mailing a copy to the defendant at the same address by ordinary mail with the return address of the sender appearing thereon. Service by ordinary mail is complete if the mail is not returned to the sender within fifteen days after mailing.

2.  ***If the mail is returned with notation by the postal authorities that it was unclaimed,*** the plaintiff shall make service by another means pursuant to these rules. (Emphasis Added).

5.   Pennsylvania Rule 430(a) states:

If service cannot be made under the applicable rule the [petitioner] may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.[5]

---

[5] An affidavit which satisfies the requirements of this rule has been attached as Exhibit B.

2

**B.**   **Legal Standard For Prefiling Discovery**

Internet law is rapidly evolving.  Part of that law involves the use of prefiling discovery and/or "John Doe" lawsuits to unmask pseudonymous internet users for the purpose of pursuing legal action against them.

A typical case involving this issue (also with prefiling discovery) was <u>Columbia Ins. Co. v. Seescandy.com</u>, 185 F.R.D. 573, 577 (N.D. Cal. 1999), in which the Northern California District Court (which hears many internet cases) set forth the following four-pronged test regarding such a Petition, that it should:

1. Sufficiently identify the persons sought be sued, to be sure that they are subject to suit in the state or federal court (primarily subject matter and personal jurisdiction);

2. Attempt to locate the person to be sure they have notice that an attempt is being made to identify them;

3. Establishing that the suit can withstand a motion to dismiss, and

4. Showing that the specific discovery sought is justified and that the discovery targets are reasonably likely to have information about the defendant.

The New Jersey state courts (citations omitted) have added a fifth prong, a showing of actual damages, but this is duplicitous, since the statements at issue (the accusation that Petitioner committed the federal crime of making terroristic threats over federal wires) are libelous per se.

**C.**   **Legal Standard For Substitute Service Of ISP**

Petitioner could not find any authority over this apparently novel concept of serving a Doe through his ISP, but argues that it should be the standard for internet "John Doe" cases.  The ISP could be ordered to disable internet access until the customer acknowledges the substitute service, and all due process requirements would be satisfied.  The ISP, Petitioner

argues, is a *de facto* "agent" of the John Doe users who can ensure, through disabling the account pending notice, that the correct party is notified of the pending action, without having to reveal that party's identity.

**D.** **Legal Standard For Surviving A Motion To Dismiss**

For the purposes of a motion to dismiss pursuant to Federal Rule 12(b)(6), all factual averments must be treated as if they were true, and if true, if the [Petitioner] would be entitled to relief, then the claim survives the motion to dismiss. (multiple citations of bedrock law omitted).

## ARGUMENT

**A.** **Service Of Respondent Ross By Regular Mail In This Case Is Proper**

Since the Comcast user believed to be Respondent Ross (referred to hereinafter as "Respondent Ross") has posted messages to USENET and e-mailed Petitioner, he has been put on notice of this action. Petitioner has also posted a link to the actual petition in the message to which Respondent Ross responded on USENET.

The reason a court order is necessary for this type of service is that the certified mail service was not refused, but "unclaimed" since August 17, 2005. This is no fault of Petitioner's.

**B.** **Petitioner's Claims Can Survive A Motion To Dismiss**

A libel action in Pennsylvania requires that:

1)   The statements are false;

2)   The publisher either knew or should have known that they were false, or the publisher showed reckless disregard for the truth (actual malice);

3)   For public figures, that the publisher acted with "common law malice;"

4

4)   The statements were made to third parties;

5)   The statements were not privileged; and

6)   The [Petitioner] suffered actual pecuniary harm.

All six prongs of this test have been met:

1)   For purposes of a motion to dismiss, the statement that Plaintiff had threatened the nonexistent "Jeri Ryan" by sending an e-mail to her is false.

2)   At the time of publication, Respondent Ross either knew or should have known the statement in 1) above was false.

3)   The statements were made with common-law malice (as evidenced by the tone of that and the other postings cited in the Petition, and the existence of a separate lawsuit between the parties).

4)   The statements were published to a USENET group read by hundreds if not thousands of third parties, and were archived by Google.

5)   The statements were not privileged.

6)   Petitioner has suffered harm upon publication under Pennsylvania law, a harm which is magnified every time someone "Googles" Petitioner by searching for his birth name, which was included in the statements.  This means that any friend, lover, employer, or anyone of importance to Petitioner who may have had nothing to do with the original newsgroup will only see the defamatory posting in the search results.  Absent discovery of all Google searches on Petitioner's names, and discovery of the identity of those doing the searches, the harm is incalculable and severe for even one occurrence.

**C.   <u>Substitute Service On ISPs Is Proper In Internet "John Doe" Cases.</u>**

As previously set forth, in an internet "John Doe" case, only the user's ISP has his or her contact information, and it has the ability to disable the user's internet account until the

user acknowledges that s/he is aware of the pending action. This is by far the most efficient administration of justice, and would solve several problems at once without violating anyone's due process rights or prejudicing any party.

All that would be required for this to occur is for the court to recognize an ISP as an "agent authorized to accept process" pursuant to Federal Rule 4(e)(2).

**D.**     **A Protective Order Is Necessary To  Preserve Evidence.**

Petitioner would be prejudiced by the potential destruction of evidence (even unintentionally) absent a court order preserving it, due to Comcast's policy of not retaining certain evidence without such an order.

## CONCLUSION

For the reasons set forth herein, the instant motion should be **granted**. An appropriate form of order is attached.

This the 7th day of September, 2005.

Gordon Roy Parker
Petitioner, Pro Se
4247 Locust Street, #806
Philadelphia, PA  19104
(215) 386-7366
GordonRoyParker@aol.com

6

Exhibit A-1
"Legal Notice To Ross Jeffries" Posting

Path: border1.nntp.dca.giganews.com!cyclone1.gnilink.net!gnilink.net!cyclone.rdc-nyc.rr.com!news-out.nyc.rr.com!twister.nyc.rr.com.POSTED!not-for-mail
Reply-To: "Ray Gordon" <ray@cybersheet.com>
From: "Ray Gordon" <ray@cybersheet.com>
Newsgroups: alt.seduction.fast
Subject: Legal Notice To Paul Ross a/k/a "Ross Jeffries"
Lines: 20
X-Priority: 3
X-MSMail-Priority: Normal
X-Newsreader: Microsoft Outlook Express 6.00.2900.2180
X-MimeOLE: Produced By Microsoft MimeOLE V6.00.2900.2180
X-RFC2646: Format=Flowed; Original
Message-ID: <rs9Qe.9837$ZG2.1616194@twister.nyc.rr.com>
Date: Sun, 28 Aug 2005 02:38:15 GMT
NNTP-Posting-Host: 24.193.255.193
X-Complaints-To: abuse@rr.com
X-Trace: twister.nyc.rr.com 1125196695 24.193.255.193 (Sat, 27 Aug 2005 22:38:15 EDT)
NNTP-Posting-Date: Sat, 27 Aug 2005 22:38:15 EDT
Organization: Road Runner - NYC
Xref: number1.nntp.dca.giganews.com alt.seduction.fast:266024

Dear Mr. Ross a/k/a Mr. Jeffries:

You have been named as a respondent on a petition for prefiling discovery
filed against Comcast Corporation in the Eastern District of Pennsylvania on
August 17, 2005.  The case number is 05-mc-157, and the presiding judge is
Harvey Bartle, III.

An attempt to serve you with a copy of this petition by certified mail was
made on August 17, 2005.  According to the tracking number, a note was left
at your home to come pick up the mail.

Since you appear to be posting to this group, this message is being posted
here in the hope you will find it and retrieve this mail expeditiously.

Sincerely,

Ray Gordon

Exhibit A-2
**Response To "Legal Notice To Ross Jeffries" Posting  By The John Doe**

Path: local01.nntp.dca.giganews.com!nntp.comcast.com!news.comcast.com.POSTED!not-for-mail
NNTP-Posting-Date: Sun, 28 Aug 2005 00:42:46 -0500
User-Agent: Microsoft-Entourage/10.1.6.040913.0
Date: Sat, 27 Aug 2005 22:42:45 -0700
Subject: Re: Legal Notice To Paul Ross a/k/a "Ross Jeffries"
From: Ross <notmyemail@address.com>
Newsgroups: alt.seduction.fast
Message-ID: <BF369CE5.16760%notmyemail@address.com>
References: <rs9Qe.9837$ZG2.1616194@twister.nyc.rr.com>
Mime-version: 1.0
Content-type: text/plain; charset="US-ASCII"
Content-transfer-encoding: 7bit
Lines: 40
NNTP-Posting-Host: 24.126.247.39
X-Trace: sv3-
VrkgpSUL3CV4q3BuKYpG706zlwYEEZjDsHME6HkaDzi0XUsumes4YG8niuxMwkijpVAQ2HJRS5KcK8S!1vu
wUzgYtWa9WSK5heS4UeEJQdLLkrtiUSZXYHAIowt79pkMO/eFKTGcwOYiKR/c2rpgqQiCVY74!3g4Yl0M=
X-Complaints-To: abuse@comcast.net
X-DMCA-Complaints-To: dmca@comcast.net
X-Abuse-and-DMCA-Info: Please be sure to forward a copy of ALL headers
X-Abuse-and-DMCA-Info: Otherwise we will be unable to process your complaint properly
X-Postfilter: 1.3.32
Xref: number1.nntp.dca.giganews.com alt.seduction.fast:266033

in article rs9Qe.9837$ZG2.1616194@twister.nyc.rr.com, Ray Gordon at
ray@cybersheet.com wrote on 8/27/05 7:38 PM:

> Dear Mr. Ross a/k/a Mr. Jeffries:
>
> You have been named as a respondent on a petition for prefiling discovery
> filed against Comcast Corporation in the Eastern District of Pennsylvania on
> August 17, 2005.  The case number is 05-mc-157, and the presiding judge is
> Harvey Bartle, III.
>
> An attempt to serve you with a copy of this petition by certified mail was
> made on August 17, 2005.  According to the tracking number, a note was left
> at your home to come pick up the mail.
>
> Since you appear to be posting to this group, this message is being posted
> here in the hope you will find it and retrieve this mail expeditiously.
>
> Sincerely,
>
> Ray Gordon
>
>
>

A legal notice via the INTERNET?

Is this another Gordon Roy Porker legal-fantasy-invention?

NO legal notice can be given over the internet, Ray-Tard.

2

I know NOTHING of anything certified, other than the fact that YOU should be certified..as out of your fucking mind.

Now, I must hurry and put some water in your Mommy's dish.

RJ
93/93

Exhibit A-3
USENET Posting of August 27, 2005 Entitled "Subpoena Ray's Mom!"

Path: local01.nntp.dca.giganews.com!nntp.comcast.com!news.comcast.com.POSTED!not-for-mail
NNTP-Posting-Date: Sat, 27 Aug 2005 19:59:45 -0500
User-Agent: Microsoft-Entourage/10.1.6.040913.0
Date: Sat, 27 Aug 2005 17:59:44 -0700
Subject: Subpoena Ray's Mom!
From: Ross <notmyemail@address.com>
Newsgroups: alt.seduction.fast
Message-ID: <BF365A90.16625%notmyemail@address.com>
Mime-version: 1.0
Content-type: text/plain; charset="US-ASCII"
Content-transfer-encoding: 7bit
Lines: 26
NNTP-Posting-Host: 24.126.247.39
X-Trace: sv3-
pXH6IrfnAc1LW8xVVo8HcgxKR3sbrqzEA6RI1CatObjBtD0DLxGyuFr8uuD6I98b9HMEiasOJr7hCHD!JCZKxox
1xBgszMmOwUxASCa2Jh/o/+RhRVPsSaOdM6+I4b/Q727ryDVrT0gH74pMx4OmzcjWPbo8!pc4HZUc=
X-Complaints-To: abuse@comcast.net
X-DMCA-Complaints-To: dmca@comcast.net
X-Abuse-and-DMCA-Info: Please be sure to forward a copy of ALL headers
X-Abuse-and-DMCA-Info: Otherwise we will be unable to process your complaint properly
X-Postfilter: 1.3.32
Xref: number1.nntp.dca.giganews.com alt.seduction.fast:266022


Here is a brilliant idea: in the event you are named and properly served as
a defendant in Ray's "suit" you have broad right's to subpoena witnesses,
conduct discovery, take sworn testimony, under oath, etc.

Since Ray is claiming actual damage to his business, and since he lives with
Mommy, Mommy is a precipient and valid witness with information about the
actual state of Ray's business affairs.

Therefore, if named, and properly served in this suit, I will certainly not
only take Ray's sworn deposition, under oath, recorded on video, but that of
Penny Parker as well.

No bullshit interrogatories before a notary, I will DEPOSE Ray, as would be
my right if properly named and served and I will DEPOSE his Mother.

And one of the many questions I will ask is, "Why did you not peform your
duty to humanity and abort this piece of pucka?"

As would be my right, I will make public the video of each and every
deposition of Parker and his mother that I take.

Yee hah!

RJ

4

Exhibit A-3

**USENET Posting of August 27, 2005 Entitled "Subpoena Ray's Mom!"**

Return-path: <sandworm77@comcast.net>
Envelope-to: ray@cybersheet.com
Delivery-date: Sun, 28 Aug 2005 00:08:19 -0700
Received: from rwcrmhc14.comcast.net ([216.148.227.89] helo=rwcrmhc12.comcast.net)
    by da014.wh01.infopop.net with esmtp (Exim 4.24)
    id 1E9HH8-00050b-SG
    for ray@cybersheet.com; Sun, 28 Aug 2005 00:08:18 -0700
Received: from [24.126.247.39] (c-24-126-247-39.hsd1.ca.comcast.net[24.126.247.39])
    by comcast.net (rwcrmhc14) with SMTP
    id <2005082807081701400hbsi5e>; Sun, 28 Aug 2005 07:08:17 +0000
User-Agent: Microsoft-Entourage/10.1.6.040913.0
Date: Sun, 28 Aug 2005 00:08:17 -0700
Subject: Re: Legal Notice To Paul Ross a/k/a "Ross Jeffries"
From: Ross Jeffries <sandworm77@comcast.net>
To: Ray Gordon <ray@cybersheet.com>
Message-ID: <BF36B0F1.1676A%sandworm77@comcast.net>
In-Reply-To: <YncQe.10572$ZG2.1624910@twister.nyc.rr.com>
Mime-version: 1.0
Content-type: text/plain; charset="US-ASCII"
Content-transfer-encoding: 7bit

in article YncQe.10572$ZG2.1624910@twister.nyc.rr.com, Ray Gordon at
ray@cybersheet.com wrote on 8/27/05 10:58 PM:

>>> Dear Mr. Ross a/k/a Mr. Jeffries:
>>>
>>> You have been named as a respondent on a petition for prefiling discovery
>>> filed against Comcast Corporation in the Eastern District of Pennsylvania
>>> on
>>> August 17, 2005.  The case number is 05-mc-157, and the presiding judge
>>> is
>>> Harvey Bartle, III.
>>>
>>> An attempt to serve you with a copy of this petition by certified mail
>>> was
>>> made on August 17, 2005.  According to the tracking number, a note was
>>> left
>>> at your home to come pick up the mail.
>>>
>>> Since you appear to be posting to this group, this message is being
>>> posted
>>> here in the hope you will find it and retrieve this mail expeditiously.
>>>
>>> Sincerely,
>>>
>>> Ray Gordon
>>>
>>>
>>>
>>
>>
>> A legal notice via the INTERNET?
>

> Yes.
>
>
>> Is this another <snip> legal-fantasy-invention?
>
> No.
>
>> NO legal notice can be given over the internet..
>
> That remains to be seen.
>
>>>> I know NOTHING of anything certified.
>
> You do now if you read this message.
>
> If certified mail isn't answered, service by regular mail follows.

You may continue with your fantasy as you see fit.  I'm in London, in any
case, so even if there WERE certified mail, there would be know way for me
to know about it or do anything about it.

So solly to dissapoint, Porker.

BTR, how can Ray Gordon give notice in a suit where Gordon Roy Parker is the
plaintiff? Is Ray Gordon the attorney of record fro Gordon Roy Parker?

Cheerio and pip pip and all that British stuff!


RJ
>
>
>
>>> other than the <defamatory snip> <tasteless snip>
>
>

Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group**, 4247 Locust Street, #806 Philadelphia, PA 19104 | : : : : : | |
| Petitioner, | : | **CASE NO.:** 05-mc-157 |
| v. | : : | **Miscellaneous Case** |
| **Comcast High-Speed Internet,** 1500 Market Street, Philadelphia, PA 19102, and **John Doe,** a/k/a Sandworm77@comcast.net, a/k/a Paul Ross, 310 Tahiti Way, Marina Del Ray, CA, 90292-6789 | : : : : | **Hon. Harvey J. Bartle, III** |
| Respondent | : | |

## AFFIDAVIT OF GORDON ROY PARKER

I, Gordon Roy Parker, hereby swear, under penalty of perjury, that the following is true and correct to the best of my knowledge:

1. I am an adult male resident of the Commonwealth of Pennsylvania who is capable of making statements under oath.

2. On August 17, 2005, I attempted to serve Respondent Ross with the Petition in the above-styled action by **certified priority mail.**

3. On September 7, 2005, I checked with the USPS website, and learned that the mail has still been unclaimed ("notice left" is what the site said).

4. In an attempt to make Respondent Ross aware of the action against him, I posted a "legal notice to Ross Jeffries a/k/a Paul Ross" to the newsgroup in controversy in this action ("ASF"), on August 27, 2005.

5.      Also on August 27, 2005, and again on August 28, 2005, an internet user claiming to be Respondent Ross responded to the message, and quoted the legal notice, thus demonstrating that he had read the notice.

6.      Through personal investigation, I have learned that Respondent Ross lives alone, in a gated community, with no property manager or concierge on the premises, and that personal service would be impossible in the absence of Respondent Ross.

7.      Respondent Ross's website states that he is currently in London through at least September 9, 2005, and it is not known when he will be returning to the United States.

This the 7th day of September, 2005.

Gordon Roy Parker
Petitioner, Pro Se
4247 Locust Street, #806
Philadelphia, PA  19104
(215) 386-7366
GordonRoyParker@aol.com

2

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**FILED**

| | |
|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group**, 4247 Locust Street, #806 Philadelphia, PA 19104 <br><br> Petitioner, <br><br> v. <br><br> **Comcast High-Speed Internet,** 1500 Market Street, Philadelphia, PA 19102, and **John Doe**, a/k/a Sandworm77@comcast.net, a/k/a Paul Ross, 310 Tahiti Way, Marina Del Ray, CA, 90292-6789 <br><br> Respondent | SEP 7 2005 <br> MICHAEL E. KUNZ, Clerk <br> By_____Dep. Clerk <br><br> CASE NO.: 05-mc-157 <br><br> **Miscellaneous Case** <br><br> **Hon. Harvey J. Bartle, III** |

## CERTIFICATE OF SERVICE

I, **Gordon Roy Parker**, Petitioner in the above-styled action, hereby certify that I have served a true and correct copy of the foregoing **Petitioner's Motion For Alternate Or Substitute Service, For A Protective Order, And Request For Hearing** and the **Amended Certificate of Service** on the following Respondents by **regular mail**:

Comcast
1500 Market Street, 25th Floor
Philadelphia, PA 19102,
Attn: Rosemary Pierce, Legal Dept.

Paul Ross
310 Tahiti Way,
Marina Del Ray, CA, 90292-6789

This the 7th day of September, 2005.

Gordon Roy Parker
Petitioner, Pro Se
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 386-7366
GordonRoyParker@aol.com

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GORDON ROY PARKER**, a.k.a. **Ray Gordon**, d/b/a **Snodgrass Publishing Group,** 4247 Locust Street, #806 Philadelphia, PA 19104 <br><br> Petitioner, <br><br> v. <br><br> **Comcast High-Speed Internet,** 1500 Market Street, Philadelphia, PA  19102, and **John Doe,** a/k/a Sandworm77@comcast.net, a/k/a Paul Ross, 310 Tahiti Way, Marina Del Ray, CA. 90292-6789 <br><br> Respondent | **CASE NO.:** 05-mc-157 <br><br> **Miscellaneous Case** <br><br> **Hon. Harvey J. Bartle, III** |

## ORDER

AND NOW, this ___ day of September, 2005, after consideration of Plaintiff's **Motion For Alternate Or Substitute Service, For A Protective Order, and Request For Hearing,** the Motion is **granted**.

1.   Petitioner is given leave of the court to serve Respondent Ross by regular mail. If the mail is not returned to the sender within 15 days of service, it shall be considered valid.

2.   A hearing on the Petition shall be held on _____, 2005, in Room _____ of the United States District Courthouse, 6th and Market Streets, Philadelphia, PA, 19107.

3.   Comcast is hereby **ordered** to preserve any and all evidence relating to all internet postings and e-mail of the IP user specified in the petition, and the e-mail user Sandworm77@comcast.net.

SO ORDERED.

_____
J.