IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GORDON ROY PARKER | : | MISCELLANEOUS ACTION |
| | : | |
| v. | : | |
| | : | |
| COMCAST HIGH-SPEED | : | |
| INTERNET | : | NO. 05-157 |

<u>MEMORANDUM</u>

Bartle, J.                                                                                  September   , 2005

      Gordon Roy Parker ("Parker"), acting pro se, petitions the court pursuant to Rule 27 of the Federal Rules of Civil Procedure to perpetuate testimony of the Custodian of Records for Comcast High-Speed Internet ("Comcast") prior to filing a lawsuit.  Parker seeks to submit written interrogatories to Comcast to ascertain the identity of a particular subscriber as well as to obtain protective orders prohibiting Comcast from following its regular account destruction policy.

      Rule 27(a) states that a person who wishes to "perpetuate testimony regarding any matter that may be cognizable in any court of the United States may file a verified petition in the United States district court in the district of the residence of any expected adverse party."  Fed. R. Civ. P. 27(a)(1).  The court may grant the petition if it "is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice."  Fed. R. Civ. P. 27(a)(3).

The Third Circuit has interpreted Rule 27 narrowly, finding that it "properly applies only in that special category of cases where it is necessary to prevent testimony from being lost." Ash v. Cort, 512 F.2d 909, 911 (3d Cir. 1975). To that end, "Rule 27 is not a substitute for discovery." Id. at 912. The recent case of In re Chester County Electric, Inc., 208 F.R.D. 545 (E.D. Pa. 2002), is instructive. There Judge Shapiro denied a Rule 27 petition "because the testimony was sought to draft a complaint, not perpetuate testimony, and if granted would have been an abuse of the Rule." Id. at 548. Looking to other jurisdictions that have considered the issue, the court agreed that "the language in Rule 27 is clear that the rule authorizes the perpetuation of evidence, not the discovery or uncovering of it." Id. at 547 (quoting In re Ford, 170 F.R.D. 504, 508 (M.D. Ala. 1997)).

Petitioner maintains that he cannot ascertain the identity of the internet user whom he wishes to sue "with any evidentiary certainty" absent the requested information from Comcast. Petition ¶ 22. He states that he is "presently unable to bring" the action against the individual. Id. ¶ 15. Yet, his petition and supporting papers go into great detail describing his own personal investigation leading to his positive identification of the account holder as exactly the individual he suspected. Id. ¶¶ 20, 21. Petitioner even knows the exact address of this individual's residence. Id. ¶ 3.

Petitioner merely alleges that "there is no guarantee that Comcast will retain the records" if the account holder in question cancels his or her service, and that the retention lasts "sometimes as low as thirty days" after cancellation.  See Petition ¶¶ 17, 19.  There is no allegation that the account in question will imminently be cancelled.

There is no basis for awarding the Rule 27 relief.  Petitioner simply has demonstrated that the Comcast information may be destroyed at some future date uncertain.  He has not shown it is "likely to be lost and ... in need of perpetuation."  Williams v. Moody, No. Civ. A. 98-1211, 1999 WL 320914, at *1 (E.D. Pa. May 18, 1999).  Furthermore, the information he seeks is "sought to draft a complaint," and is therefore an improper use of Rule 27.  Accordingly, we will deny petitioner's request.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GORDON ROY PARKER | : | MISCELLANEOUS ACTION |
| | : | |
| v. | : | |
| | : | |
| COMCAST HIGH-SPEED INTERNET | : | NO. 05-157 |

ORDER

AND NOW, this      day of September, 2005, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the petition of Gordon Roy Parker to perpetuate testimony pursuant to Rule 27 of the Federal Rules of Civil Procedure is DENIED.

BY THE COURT:

_____  J.